**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3078-23

INFERNO ENTERPRISES, LLC
and DANTE ALARIO,

    Plaintiffs-Respondents,

v.

PETER INGRASSELINO,

    Defendant-Appellant,

and

RESTAURANT CONSULTING
PRO, LLC, BLACK DOG
HOSPITALITY LLC, WHAT THE
FORK, LLC, and INGRASSELINO
PRODUCTS,

    Defendants.

_____

Submitted July 8, 2025 – Decided July 30, 2025

Before Judges Currier and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2406-21.

Peter Ingrasselino, appellant pro se.

The Perkins Firm, LLC, attorney for respondents (Paul I. Perkins, on the brief).

PER CURIAM

This matter arises out of a failed business relationship between the parties, resulting in plaintiffs filing a complaint in 2021 against defendant Peter Ingrasselino and others for breach of contract and other related counts. Default judgment was entered against all defendants. Only Ingrasselino moved to vacate the default judgment. The trial court denied the motion on April 26, 2024. Ingrasselino appealed. Because Ingrasselino did not present any reasons for error in the court's orders and has not provided the transcript of the court's decision, we are unable to conduct a meaningful review of the order. We affirm.

After Ingrasselino failed to answer the complaint, the court entered default against him in February 2022. Plaintiffs subsequently moved to enter default judgment. In August 2022, Ingrasselino moved to vacate default. The court granted the motion, requiring Ingrasselino to file his answer by September 12. Plaintiffs' motion to enter default judgment was adjourned until after the September 12 deadline. Ingrasselino did not file an answer or any other pleading and the court entered default judgment in October 2022.

2

After a proof hearing, at which Ingrasselino appeared and was permitted to cross-examine plaintiffs' witnesses, the court entered final judgment against Ingrasselino and the other defendants jointly and severally, on February 20, 2024, for $218,941.76, plus attorney's fees of $34,480.14, for a total amount of $253,421.90.

The following week, Ingrasselino filed a motion to vacate the judgment. He stated:

> I am asking the court to realize that there was NO evidence, hard copy documents, signatures, dates from any creditors submitted by . . . plaintiff, nor proof of any invoices, bills, letters demands from any companies owed.  There needs to be proof of actual invoices to be paid by either [p]laintiff or [d]efendant nothing has been provided.  To award such a[n] outstanding number without any[ ]proof should not stand.  Plaintiff has no such proof I have asked and nothing has been submitted.  Still I have not received mailed or served documents as they state.  A formal complaint has also been [filed] with the Attorney Ethics Grievance on [plaintiffs' counsel].

In March, Ingrasselino filed a motion to quash.  Plaintiffs opposed the motions and cross-moved to enforce litigant's rights.

On April 26, 2024, the court entered two orders.  The first order granted plaintiffs' cross-motion to enforce litigants rights, denied Ingrasselino's motion to quash, and awarded plaintiffs attorney's fees of $1,150.  The order stated

"Reasons on the record, Opposition filed and considered." The second order denied Ingrasselino's motion to vacate default judgment. It stated: "A proof hearing was held on February 8, 2024. Defendant was in attendance. Reasons on the record." Ingrasselino did not provide the transcript of the court's reasoning for its decisions on these motions.

In July 2024, Ingrasselino moved to reinstate the case. The court denied the motion in September.

Ingrasselino filed a Notice of Appeal listing only the April 26, 2024 orders. In the Case Information Statement, Ingrasselino indicated the appeal was from "the final judgment" in those orders. After plaintiffs moved to dismiss the appeal as untimely, we ordered that the "appeal is limited to the" trial court's April 26, 2024 orders.

In his merits brief, Ingrasselino does not refer to the April 2024 orders and so does not present this court with any arguments regarding error in the decisions. And, as stated, Ingrasselino did not provide the transcript containing the court's reasons for its April 26, 2024 orders.

We will not disturb the "factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to

4

offend the interests of justice." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (alteration in original) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

To vacate a final judgment, a movant "must show their neglect to answer was excusable under the circumstances," and "a meritorious defense." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1984); R. 4:50-1. Ingrasselino has not met that burden. Without presenting any arguments to this court regarding alleged error in the orders and in not providing the court's reasons for denying the requested relief, we cannot conduct any meaningful appellate review of the issue or determine if the trial court erred in its decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3078-23